UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARC WINKLER

                Plaintiff,               07-CV-6280T

v.

                                                 **ORDER**

MATTHEW GRANT, both individually and as
an employee of Ontario County DSS,
HOLLY ADAMS, both Individually and as
Attorney  for Ontario County DSS,
JESSICA PICCHI (COSENTINO), both individually
and as an Employee of Ontario County DSS,
WAYNE SCHOONMAKER, both individually and as
an employee of Ontario County DSS,
ROBERT KRAMER, both individually and as an
Employee of Ontario County DSS,
EILEEN TIBERIO, both Individually and as an
employee of Ontario County DSS, CRAIG DORAN,
individually and in official capacity as
Justice of the Family Court of Ontario County,
New York, Ontario County Department of
Social Services

                Defendant.
_____

## <u>INTRODUCTION</u>

     Plaintiff Marc Winkler, ("Winkler") proceeding <u>pro</u> <u>se</u>, brings
this action pursuant to 42 U.S.C. § 1983 and various federal laws
claiming that the defendants violated his federal constitutional
and statutory rights with respect to a New York State custody
proceeding involving his minor children.  Specifically, Winkler
contends that his children were unlawfully removed from his home
and placed in foster care in violation of his civil rights.

     Pending before the court are five motions including: (1)
defendant Craig Doran's motion to dismiss (docket item no. 17); (2)

the remaining defendants' motion to dismiss, or, in the alternative for summary judgment (docket item no. 13); (3) plaintiff's motion "to supplement jurisdiction over plaintiff's state law claims); (4) plaintiff's cross-motion for summary judgment; and (5) defendants' motion to strike.

For the reasons set forth below, I grant defendant Doran's motion to dismiss, grant the remaining defendants' motion to dismiss, deny plaintiff's motions, and deny as moot defendants' motion to strike.

## DISCUSSION

Plaintiff claims that in 2003, the defendants violated his due process rights by unlawfully temporarily removing four of his children from his custody and intentionally and maliciously delaying custody proceedings following the removal of his children from his home.  He further contends that in 2004, the defendants violated his constitutional rights in connection with the temporary removal of a fifth child, a 3-day old newborn, from his home.

I.   Legal Standards for evaluating Motions to Dismiss and for
      Summary Judgment

The defendants move to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure claiming that plaintiff has failed to state a claim upon which relief can be granted.  When evaluating a Rule 12(b)(6) motion, the court must ascertain, after presuming all factual allegations in the pleading to be true and viewing them in the light most favorable to the

plaintiff, whether or not the plaintiff has stated any valid ground for relief.  <u>Ferran v. Town of Nassau</u>, 11 F.3d 21, 22 (2d Cir. 1993), <u>cert</u>. <u>denied</u> 513 U.S. 1014 (1994).  The court may grant a Rule 12(b)(6) motion only where "`it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Allen v. WestPoint-Pepperell, Inc.</u>, 945 F.2d 40, 44 (2d Cir. 1991) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).  "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*." <u>Chance v. Armstrong</u>, 143 F.3d 698, 701 (2d Cir. 1998).

With respect to defendants' motion for summary judgment, Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  When considering a motion for summary judgment, all inferences and ambiguities must be resolved in favor of the party against whom summary judgment is sought. <u>R.B. Ventures, Ltd. v. Shane</u>, 112 F.3d 54 (2nd Cir. 1997).  If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. <u>Annis v. County of Westchester</u>, 136 F.3d 239, 247 (2nd Cir. 1998).

3

II.  <u>Defendant Doran's Motion to dismiss</u>.

Defendant Craig Doran, a Family Court Justice in the Ontario County, New York, Family Court, moves to dismiss plaintiff's Complaint against him on grounds that he is entitled to absolute immunity because the acts that he took which are complained of by the plaintiff were judicial acts undertaken in his capacity as a Family Court judge.

It is well settled that judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities.  <u>See</u>, <u>e.g.</u>, <u>Mireles v. Waco</u>, 502 U.S. 9 (1991). The protection of immunity is not pierced by allegations that the judge acted in bad faith or with malice. <u>Pierson v. Ray</u>, 386 U.S. 547, 554 (1967).  The United States Supreme Court has expressly applied the doctrine of judicial immunity to actions brought pursuant to 42 U.S.C. § 1983.  <u>See</u> <u>Pierson</u>, 386 U.S. at 547.

The Supreme Court has developed a two-part test for determining whether or not a judge is entitled to absolute immunity. <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-57 (1978). First, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" <u>Id.</u> at 356-57 (quoting <u>Bradley</u>, 80 U.S. (13 Wall.) at 351 (1871)).  Second, a judge is immune only for actions performed in his judicial capacity.  <u>Id.</u> at 360; <u>see</u> <u>also</u> <u>Maestri v. Jutkofsky</u>, 860 F.2d 50

4

(2d Cir. 1988); <u>Gregory v. Thompson</u>, 500 F.2d 59, 62 (9th Cir. 1974).

In this case, there is no dispute that Judge Doran had jurisdiction to hear the removal petition before him, and the acts complained of by the plaintiff involved actions that Judge Doran took in his judicial capacity.   Accordingly, Judge Doran is entitled to dismissal of the claims against him with prejudice.

To the extent that plaintiff's claim is made against Judge Doran in his official capacity as a New York State Family Court Judge, such a claim seeking recovery against the State of New York is barred by the Eleventh Amendment, because the State of New York has not consented to such a suit in federal court.  <u>See</u> <u>Will v. Michigan Department of State Police</u>, 492 U.S. 58, 70 (1989) (Eleventh Amendment bars suits in federal court brought against States for damages where State has not waived its immunity from such an action.)

III. <u>Remaining Defendants' Motion for Summary Judgment</u>

According to the uncontroverted evidence contained in the record, on December 3, 2003, plaintiff and his wife were arrested on charges of First Degree Reckless Endangerment following an investigation by defendant Matthew Grant (a caseworker with the Ontario County Department off Social Services) which revealed that the plaintiff, his wife, and their four children were living in extremely unsanitary conditions in the plaintiff's residence.  The children were removed from the plaintiff and his wife on December

3, 2003, and several court proceedings to determine custody were held before the Honorable Craig Doran during the month of December, 2003.  On May 10, 2004, Winkler consented to a finding of neglect with respect to the care of his four children.

Plaintiff filed the Complaint in this action on June 4, 2007, approximately three and a half years after the date on which his children were taken from his custody, and approximately 3 years and one month after he consented to a finding of neglect in Ontario County, New York, Family Court.

The statute of limitations for actions brought pursuant to 42 U.S.C. § 1983 in New York State is the three-year period provided for in New York's CPLR § 214(2).  Owens v. Okure, 488 U.S. 235, 251(1989); Jewell v. County of Nassau, 917 F.2d 738, 740 (2d Cir. 1990).  The three-year period begins on the date on which the plaintiff knew or had reason to know of the injury allegedly suffered.  Baez v. Kahanowicz, 469 F.Supp.2d 171, 176 (S.D.N.Y., 2007).  In the instant case, plaintiff's cause of action for the unlawful removal of his children accrued on December 3, 2003, the date on which his children were taken.  Because the removal of his children took place more than three years before plaintiff filed his Complaint, plaintiff's cause of action based on that claim is time barred.  His cause of action for the continued detention of his children accrued in December, 2003, when several hearings were held on the issue of the custody of his children, or, at the very latest, on May 9, 2004, when he consented to a finding of neglect.

In either case, those acts occurred more than three years prior to the filing of plaintiff's complaint, and accordingly, those claims are time-barred as well.  See e.g., Eidson v. State of Tennessee Department of Children's Services, 510 F.3d 631 (6th Cir., 2007)(dismissing as untimely § 1983 action brought by father of children who had been involuntarily removed from his home).  In sum, all of plaintiff's claims regarding the removal and continued detention of his four children identified as "A.W.", "M.W.", "B.W.", and "I.W." are dismissed with prejudice as untimely.

With respect to plaintiff's claim that the removal of his newborn child (identified in the Complaint as "R.W.") was unlawful, and that he was denied due process in connection with the removal of his child, I find that plaintiff has failed to state a claim for the unlawful removal of his child or violation of his right to due process.  While it is true that the parent-child relationship "'gives rise to a liberty interest that a parent may not be deprived of absent due process of law'", Smith v. Williams-Ash, __ F.3d ____, 2008 WL 782453, *2 (6th Cir., March 26, 2008)(quoting Kottmyer v. Mass, 436 F.3d 684, 689 (6th Cir. 2006)(See also Kia P. v. McIntyre, 235 F.3d 749, 758 (2nd Cir., 2000) in the instant case, the record reveals that Winkler was afforded due process of law in connection with the temporary removal of the infant R.W. from his home.  See Eidson, 510 F.3d at 635 (temporary deprivation of custody of a child violates due process only if deprivation is

not accompanied by a hearing within a "reasonable time"); <u>Kia P.</u>, 235 F.3d at 760 (upon removal of a child from parental custody, State has the "duty to initiate a 'prompt' post-deprivation hearing" to determine future custody).  The record demonstrates that R.W. was removed from the Winkler home on June 9, 2004, after police responded to a domestic dispute at the Winkler residence. A court hearing was scheduled for June 10, 2004, and at that time, the parties consented to a return of the infant to her mother, and the infant was returned on June 10, 2004, one day after the infant was removed on an emergency basis.  Because a judicial hearing to determine whether or not the infant R.W. should be returned to her home was scheduled within 24 hours of the time R.W. was removed from the Winkler Residence, the requirements of due process were satisfied.  <u>See</u> <u>Taylor v. Evans</u>, 72 F.Supp.2d 298, 306-307 (S.D.N.Y., 1999)(hearing held within four days of emergency removal of child from parent's custody comported with due process); <u>Hollenbeck v. Boivert</u>, 330 F.Supp.2d 324 (S.D.N.Y., 2004)(hearing held within three days after removal of child from parental custody, and return of child within three weeks did not violate parent's right to due process).  <u>See also</u>, <u>Southerland v. City of New York</u>, 521 F.Supp.2d 218, 232 (E.D.N.Y., 2007)(temporary removal of children from parental custody pending hearing held within reasonable time generally does not state a claim for violation of right to due process).  Accordingly, plaintiff's claims that his

civil rights were violated with respect to the removal of his infant child R.W. from his home are without merit, and his Complaint is dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, defendants' motions to dismiss are granted, and plaintiff's Complaint is dismissed in its entirety with prejudice.  Plaintiff's motions to supplement and for summary judgment are denied.  Defendants' motion to strike is denied as moot.  Further, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied.  <u>Coppedge v. United States</u>, 369 U.S. 438(1962).  Any request to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.


        ALL OF THE ABOVE IS SO ORDERED.


                                S/ Michael A. Telesca
                                _____
                                  MICHAEL A. TELESCA
                                United States District Judge

Dated:    Rochester, New York
          April 8, 2008