UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARC WINKLER

                          Plaintiff,              07-CV-6280

              v.                                  **DECISION**
                                                  **and ORDER**

MATTHEW GRANT, HOLLY ADAMS,
JESSICA PICCHI, WAYNE SCHOONMAKER,
JANE LYNCH, ROBERT KRAMER, EILEEN TIBERIO,
CRAIG DORAN, ONTARIO COUNTY DEPARTMENT OF
SOCIAL SERVICES

                          Defendants.

_____

     By Motion dated April 24, 2008, Plaintiff Marc
Winkler,("Winkler"), proceeding pro se, moves for reconsideration
of this court's April 9, 2008 Decision and Order dismissing his
complaint. Specifically, Plaintiff alleges that the court
misapprehended specific facts of the case, and therefore, erred in
dismissing his complaint.  For the reasons set forth below,
Plaintiff's motion is denied.

     Motions for reconsideration may be brought before the court
pursuant to Rules 59 and 60 of the Federal Rules of Civil
Procedure.  Rule 59(e) of the Federal Rules of Civil Procedure
provides that a party may move to amend or alter a final judgment
10 days after entry of the judgment. Fed. R. Civ. P. 59(e).  With
the case at hand, the court entered its judgment on April 10, 2008,
and Plaintiff filed his Motion for Reconsideration on April 24,
2008.  Pursuant to Rule 6(a)(2) of the Federal Rules of Civil
Procedure, (which provides rules for computing time periods of less

than 11 days) Plaintiff's motion was timely filed and will be considered under Rule 59(e).

In deciding whether or not a case should be reopened pursuant to Rule 59(e), the court must balance the competing needs of bringing litigation to an end, and the need to render a just decision on the basis of all facts. Resolution Trust Corp. v. Holmes, 846 F.Supp. 1310, 1314 (S.D. Tex. 1994). "A court is justified in reconsidering its previous ruling if: (1) there is an intervening change in controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent obvious injustice." Stewart Park & Reserve Coalition Inc. v. Slater, 374 F. Supp. 2d 243, 253 (N.D.N.Y 2005), quoting Atl. States Legal Found., Inc. v. Karg Bros., Inc., 841 F.Supp. 51, 53 (N.D.N.Y. 1993). The standard under which a motion for reconsideration is considered is strict, and such motions are rarely granted. Stewart Park & Reserve Coalition Inc. v. Slater, 374 F. Supp. 2d 243, 253 (N.D.N.Y 2005). Where a party seeks reconsideration based on new evidence, that party bears the burden of establishing that the new evidence has recently been discovered or could not have been previously found by "due diligence." Id. Evidence that a party had prior to judgment being entered is not considered new evidence, and does not entitle the party to reconsideration. Id. Moreover, a motion filed pursuant to Rule 59 may not be used as a means to reargue claims

previously made, or assert new arguments that should have been made in prior proceedings.

In the instant case, Plaintiff has failed to establish that he is entitled to relief under Rule 59. Plaintiff's claim that this Court misapprehended facts does not allege the existence of new evidence that has recently come to light, but instead seeks to relitigate issues already decided. Nor has Plaintiff alleged the existence of any change in controlling law that would affect the outcome of the Court's prior ruling. Finally, Plaintiff has not alleged or established that this court committed any clear error of law. While Plaintiff alleges that this court failed to understand all of the facts of the case, he has failed to establish that the court misapprehended any material facts, or that any misapprehension of facts resulted in any manifest injustice. Accordingly, I deny Plaintiff's request for reconsideration pursuant to Rule 59 of the Federal Rules of Civil Procedure.

Like Rule 59 of the Federal Rules of Civil Procedure, Rule 60(b) of the Federal Rules also allows a party to seek relief from a final judgment, or from any order, judgment, or proceeding. Fed. R. Civ. P. 60. Depending on the basis of the motion, a Rule 60(b) motion must be made either within one year from the entry of the judgment or order complained of, or within a reasonable period of time after the issuance of the order or judgment. Fed. R. Civ. P. 60(c)(1). While Rule 60(b) provides for a greater time period to move for relief compared to Rule 59(e), it also

limits the bases upon which relief may be granted. <u>Resolution Trust Corp.</u>, 846 F.Supp. at 1314.   Specifically, Rule 60(b) sets forth six grounds upon which a party may seek reconsideration of a final judgment, order, or proceeding, including:

> (1) mistake, inadvertence, surprise, or excusable neglect;(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).   A party seeking reconsideration has the burden of establishing that at least one of the six elements set forth in Rule 60(b) applies.   Whether or not that party has made such a showing is left to the discretion of the court. <u>Resolution Trust Corp.</u>, 846 F.Supp. at 1314.

A Rule 60(b) motion may be granted by the court only upon the showing of extreme circumstances, and cannot be used to relitigate the merits of a case. <u>Sevenson Environmental Services, Inc. v. Shaw Environmental</u>, Inc., 246 F.R.D. 151, 153 (W.D.N.Y. 2007).   The Rule "is designed to strike a balance between serving the ends of justice and preserving the finality of judgments." <u>Freedom, N.Y., Inc. v. U.S.</u>, 438 F.Supp.2d 457, 462 (S.D.N.Y. 2006).

The Second Circuit has instituted a three-prong test to determine whether a party seeking reconsideration under Rule 60(b)

is entitled to relief.  First, the moving party must present highly convincing evidence that it is entitled to relief.  Second, the moving party must show good cause for failing to act sooner.  Finally, the moving party must show that granting the motion will not impose any undue hardship on the other party. <u>Williams v. New York City Dept. Of Corrections</u>, 219 F.R.D. 78, 84 (S.D.N.Y. 2003), citing <u>Kotlicky v. United States Fidelity Guar. Co.</u>, 817 F.2d 6, 9 (2d Cir. 1987).  Pro se litigants are not excused from the requirement of producing highly convincing evidence to support a Rule 60(b) motion. <u>Williams v. New York City Dept. Of Corrections</u>, 219 F.R.D. 78, 84 (S.D.N.Y. 2003).

In the instant case, because the plaintiff has not alleged that the court's previous decision was the result of fraud, misrepresentation, or misconduct, or that the judgment is void or has been satisfied, Subsections 3, 4, and 5 of Rule 60(b) do not apply.  Moreover, because plaintiff alleges that this court misapprehended facts, Rule 60(b)(2) related to newly discovered evidence does not apply.  Accordingly, the only two subsections under which plaintiff's motion may be considered are Subsection 1 relating to mistake, or Subsection 6, which allows the court to consider any reason not enumerated in Rule 60 when considering a motion for reconsideration.

I find, however, that plaintiff has failed to establish that he is entitled to relief under Subsections 1 or 6.  Although plaintiff alleges that this court misapprehended certain facts of

the case, plaintiff has failed to establish that any of the facts allegedly misunderstood by the court are material, or that absent the alleged error, the court would have ruled differently. Moreover, plaintiff has failed to demonstrate the existence of exceptional circumstances warranting reconsideration, and has failed to provide the court with highly convincing evidence demonstrating that reconsideration is required.

As stated in my previous decision, Judge Doran is immune from suit in this case because the actions taken by him, about which Plaintiff complains, were taken within the scope of his judicial responsibilities.  With respect to the remaining defendants, Plaintiff's claims are either time-barred or fail to state a cause of action.  Because Plaintiff has failed to establish that this court's April 9, 2008 order should be reconsidered, I deny Plaintiff's motion for reconsideration.  Plaintiff's motion to strike defendant's response to his motion for reconsideration is also denied.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:    Rochester, New York
          August 12, 2008